UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHELE CROWE,<br><br>v.<br><br>TRACK 15 OPERATOR LLC; TRACK 15 INVESTORS LLC; TRACK 15 REAL ESTATE LLC; CENTRAL NURSERIES, INC.; THE OUTDOOR PLUS COMPANY, INC.; LINDE GAS & EQUIPMENT INC.; SHERWOOD VALVE LLC; and MANCHESTER TANK & EQUIPMENT COMPANY, INC. | C.A. No.: 1:26-cv-735 |

**COMPLAINT**

**Jurisdiction**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in Rhode Island.

**Parties**

3. Plaintiff Michele Crowe is a resident and citizen of Boston, Massachusetts.

4. Defendant Track 15 Operator LLC is a limited liability company organized and existing under the laws of the State of Rhode Island with its principal place of business located in Providence, Rhode Island.

5. Defendant Track 15 Investors LLC is a limited liability company organized and existing under the laws of the State of Rhode Island with its principal place of business located in Providence, Rhode Island.

6. Defendant Track 15 Real Estate LLC is a limited liability company organized and existing under the laws of the State of Rhode Island with its principal place of business located in Providence, Rhode Island.

7. Defendant Central Nurseries, Inc. ("Central Nurseries") is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located in Johnston, Rhode Island.

8. The Outdoor Plus Company, Inc. ("Outdoor Plus") is a corporation organized and existing under the laws of the State of California with its principal place of business located in Ontario, California. At all relevant times mentioned, Defendant Outdoor Plus transacted business in the State of Rhode Island and otherwise had sufficient minimum contacts with the state of Rhode Island to subject it to the jurisdiction of this Court.

9. Linde Gas & Equipment Inc. ("Linde") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Danbury, Connecticut. At all relevant times mentioned, Defendant Linde transacted business in the State of Rhode Island and otherwise had sufficient minimum contacts with the state of Rhode Island to subject it to the jurisdiction of this Court.

10. Sherwood Valve LLC ("Sherwood") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. At all relevant times mentioned, Defendant Sherwood transacted business in the State of Rhode Island and otherwise had sufficient minimum contacts with the state of Rhode Island to subject it to the jurisdiction of this Court.

11. Manchester Tank & Equipment Company, Inc. ("Manchester") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Birmingham, Alabama. At all relevant times mentioned, Defendant Manchester transacted business in the State of Rhode Island and otherwise had sufficient minimum contacts with the state of Rhode Island to subject it to the jurisdiction of this Court.

## Facts

12. On or about October 4, 2025, Plaintiff Michele Crowe was sitting on a ledge of the outdoor patio at the Track 15 food hall located at 1 Union Street in Providence, Rhode Island near a propane patio heater (the "subject patio heater"), when suddenly and without warning was severely burned by an explosion and fire from the subject patio heater.

13. Track 15 is owned by Defendants Track 15 Investors LLC and/or Track 15 Real Estate LLC and operated by Defendant Track 15 Operator LLC (hereinafter collectively, "Track 15").

14. The subject patio heater was designed, manufactured, assembled, marketed, distributed, and/or sold by Defendant Outdoor Plus.

15. The subject patio heater was recommended to Track 15 and marketed, assembled, delivered, and/or sold by Defendant Central Nurseries.

16. The subject patio heater was installed with a propane tank (the "subject propane tank") designed, manufactured, assembled, marketed, distributed, and/or sold by defendant Manchester.

17. Defendant Sherwood designed, manufactured, assembled, marketed, distributed, and/or sold the propane valve connecting the subject propane tank to the subject patio heater.

18. At the time of the incident, the subject propane tank contained propane gas provided by Defendant Linde.

19. The explosion and fire were caused by fugitive propane gas that accumulated in the base of the subject patio heater and was ignited by the subject patio heater's open flame.

20. The accumulation of fugitive gas resulting in the explosion and fire was caused by a defect in and/or negligent assembly or installation of the subject propane tank and/or subject patio heater, which allowed propane gas to leak out of the subject propane tank and subject patio heater or their component parts.

21. Plaintiff Michele Crowe was in the exercise of due care at all relevant times and was unaware that she was in imminent danger of being ignited on fire by the subject patio heater.

22. As a result of the explosion and fire, Plaintiff Michele Crowe sustained catastrophic burn injuries to her lower extremities.

## COUNT I – Negligence vs. Track 15 Operator LLC, Track 15 Investors LLC, and Track 15 Real Estate LLC

23. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

24. At all relevant times, Track 15 owned and operated the premises at 1 Union Street in Providence, Rhode Island where the incident occurred.

25. Track 15 owed a duty to individuals lawfully on the premises to exercise reasonable care and to provide and maintain a reasonably safe environment.

26. Track 15 breached its duty to maintain the premises in a reasonably safe manner in one or more of the following ways:

    a. Operating an open-flame patio heater without a permit;
    b. Failing to assemble or install the subject patio heater and/or subject propane tank in a safe and reasonable manner to avoid the escape of fugitive gas;
    c. Failing to maintain or repair the subject propane tank in a reasonable manner to avoid the escape of fugitive gas;
    d. Failing to maintain or repair the subject patio heater in a reasonable manner to avoid the escape of fugitive gas;
    e. Failing to inspect the subject patio heater or subject propane tank to identify the leak of fugitive gas;
    f. Positioning the defective subject patio heater in a location where patrons such as Plaintiff Michele Crowe were exposed to the risk of explosion and fire; and
    g. Failing to warn patrons such as Plaintiff Michele Crowe of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of the subject patio heater.

27. As a direct and proximate result of the negligence of the Track 15 defendants, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendants Track 15 Operator LLC, Track 15 Investors LLC, and Track 15 Real Estate LLC for compensatory damages, plus interest and costs.

**<u>COUNT II – Negligence vs. Central Nurseries, Inc.</u>**

28. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

29. At all relevant times, Defendant Central Nurseries, by and through its agents, servants, and employees, was engaged in the business of assembling, marketing, distributing, servicing, and/or selling patio heaters, including the subject patio heater.

30. Defendant Central Nurseries owed a duty to purchasers and/or potential users and/or those surrounding the subject patio heater, to exercise reasonable care in assembling, marketing, distributing, servicing, and/or selling the subject patio heater.

31. Defendant Central Nurseries owed a duty to purchasers and/or potential users and/or those surrounding the subject patio heater, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of the subject patio heater.

32. Defendant Central Nurseries breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in assembling, marketing, distributing, servicing and/or selling of the subject patio heater and its negligence caused the incident and damages herein alleged.

33. Defendant Central Nurseries breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in failing to warn her of the risks and dangers that were known, or should reasonably have been known to this defendant, in the use of the subject patio heater.

34. As a direct and proximate result of the negligence of Defendant Central Nurseries, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Central Nurseries for compensatory damages, plus interest and costs.

**COUNT III – Strict Liability vs. Central Nurseries, Inc.**

35. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

36. The subject patio heater was assembled, marketed, distributed, and/or sold, and placed into the stream of commerce by Defendant Central Nurseries in a defective and unreasonably dangerous condition.

37. The subject patio heater was defective and unreasonably dangerous at the time it left the facilities and control of Defendant Central Nurseries, and its condition remained substantially unchanged up to and including the time of the incident on October 4, 2025.

38. Plaintiff Michele Crowe had no knowledge, or reason to know, of the defective condition of the subject patio heater.

39. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject patio heater, the incident occurred in the manner hereinbefore described.

40. Due to the defective and unreasonably dangerous condition of the subject patio heater and resulting injuries to Plaintiff Michele Crowe, Defendant Central Nurseries is strictly liable to the Plaintiff for damages.

41. Defendant Central Nurseries failed to warn purchasers and/or users and/or those surrounding its product, including Plaintiff Michele Crowe, of the unreasonably dangerous and defective condition of the subject patio heater. Due to its failure to warn, Defendant Central Nurseries is strictly liable to the Plaintiff for damages.

42. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject patio heater, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Central Nurseries for compensatory damages, plus interest and costs.

**COUNT IV – Breach of Warranties vs. Central Nurseries, Inc.**

43. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

44. At all relevant times, Defendant Central Nurseries expressly and impliedly warranted to all expected and foreseeable users of the subject patio heater, including Plaintiff Michele Crowe, that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable, and ordinary manner.

45. Plaintiff Michele Crowe at all times relied on these aforesaid express and implied warranties.

46. At all relevant times, Plaintiff Michele Crowe was positioned near the subject patio heater and otherwise using it for the purposes for which it was intended and in a foreseeable manner. Nonetheless, the subject patio heater was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

47. As a direct and proximate result of her reliance on the aforesaid warranties and breach thereof by Defendant Central Nurseries, Plaintiff Michele Crowe suffered catastrophic personal injuries.

48. As a direct and proximate result of Defendant Central Nurseries' breach of warranties as aforesaid, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Central Nurseries for compensatory damages, plus interest and costs.

**COUNT V – Negligence vs. The Outdoor Plus Company, Inc.**

49. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

50. At all relevant times, Defendant Outdoor Plus, by and through its agents, servants, and employees, was engaged in the business of designing, marketing, assembling, marketing, distributing, servicing, and/or selling patio heaters, including the subject patio heater.

51. Defendant Outdoor Plus owed a duty to purchasers and/or potential users and/or those surrounding the subject patio heater, to exercise reasonable care in designing, manufacturing, assembling, marketing, distributing, servicing, and/or selling the subject patio heater.

52. Defendant Outdoor Plus owed a duty to purchasers and/or potential users and/or those surrounding the subject patio heater, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of the subject patio heater.

53. Defendant Outdoor Plus breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in the designing, manufacturing, assembling, marketing, distributing, servicing and/or selling of the subject patio heater and its negligence caused the incident and damages herein alleged.

54. Defendant Outdoor Plus breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in failing to warn her of the risks and dangers that were known, or should reasonably have been known to this defendant, in the use of the subject patio heater.

55. As a direct and proximate result of the negligence of Defendant Outdoor Plus, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable

to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Outdoor Plus for compensatory damages, plus interest and costs.

**COUNT VI – Strict Liability vs. The Outdoor Plus Company, Inc.**

56. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

57. The subject patio heater was assembled, marketed, distributed, and/or sold, and placed into the stream of commerce by Defendant Outdoor Plus in a defective and unreasonably dangerous condition.

58. The subject patio heater was defective and unreasonably dangerous at the time it left the facilities and control of Defendant Outdoor Plus, and its condition remained substantially unchanged up to and including the time of the incident on October 4, 2025.

59. Plaintiff Michele Crowe had no knowledge, or reason to know, of the defective condition of the subject patio heater.

60. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject patio heater, the incident occurred in the manner hereinbefore described.

61. Due to the defective and unreasonably dangerous condition of the subject patio heater and resulting injuries to Plaintiff Michele Crowe, Defendant Outdoor Plus is strictly liable to the Plaintiff for damages.

62. Defendant Outdoor Plus failed to warn purchasers and/or users and/or those surrounding its product, including Plaintiff Michele Crowe, of the unreasonably dangerous and defective condition of the subject patio heater. Due to its failure to warn, Defendant Outdoor Plus is strictly liable to the Plaintiff for damages.

63. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject patio heater, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Outdoor Plus for compensatory damages, plus interest and costs.

**COUNT VII – Breach of Warranties vs. The Outdoor Plus Company, Inc.**

64. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

65. At all relevant times, Defendant Outdoor Plus expressly and impliedly warranted to all expected and foreseeable users of the subject patio heater, including Plaintiff Michele Crowe, that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable, and ordinary manner.

66. Plaintiff Michele Crowe at all times relied on these aforesaid express and implied warranties.

67. At all relevant times, Plaintiff Michele Crowe was positioned near the subject patio heater and otherwise using it for the purposes for which it was intended and in a foreseeable manner. Nonetheless, the subject patio heater was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

68. As a direct and proximate result of her reliance on the aforesaid warranties and breach thereof by Defendant Outdoor Plus, Plaintiff Michele Crowe suffered catastrophic personal injuries.

69. As a direct and proximate result of Defendant Outdoor Plus's breach of warranties as aforesaid, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Outdoor Plus for compensatory damages, plus interest and costs.

**COUNT VIII – Negligence vs. Linde Gas & Equipment Inc.**

70. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

71. At all relevant times, Defendant Linde, by and through its agents, servants, and employees, was engaged in the business of marketing, distributing, servicing, and/or selling propane gas, including the propane gas contained in the subject propane tank.

72. Defendant Linde owed a duty to purchasers and/or potential users and/or those surrounding the subject propane tank, to exercise reasonable care in marketing, distributing, servicing, and/or selling propane gas.

73. Defendant Linde owed a duty to purchasers and/or potential users and/or those surrounding the subject propane tank, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of propane gas.

74. Defendant Linde breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in the marketing, distributing, servicing and/or selling of the propane gas in the subject propane tank, and its negligence caused the incident and damages herein alleged.

75. Defendant Linde breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in failing to warn her of the risks and dangers that were known, or should reasonably have been known to this defendant, in the use of gas in the subject propane tank.

76. As a direct and proximate result of the negligence of Defendant Linde, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Linde for compensatory damages, plus interest and costs.

**COUNT IX – Strict Liability vs. Linde Gas & Equipment Inc.**

77. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

78. The propane gas in the subject propane tank was marketed, distributed, and/or sold, and placed into the stream of commerce by Defendant Linde in a defective and unreasonably dangerous condition.

79. The subject propane tank was defective and unreasonably dangerous at the time it left the facilities and control of Defendant Linde, and its condition remained substantially unchanged up to and including the time of the incident on October 4, 2025.

80. Plaintiff Michele Crowe had no knowledge, or reason to know, of the defective condition of the subject propane tank.

81. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject propane tank, the incident occurred in the manner hereinbefore described.

82. Due to the defective and unreasonably dangerous condition of the subject propane tank and resulting injuries to Plaintiff Michele Crowe, Defendant Linde is strictly liable to the Plaintiff for damages.

83. Defendant Linde failed to warn purchasers and/or users and/or those surrounding its product, including Plaintiff Michele Crowe, of the unreasonably dangerous and defective condition of the subject propane tank. Due to its failure to warn, Defendant Linde is strictly liable to the Plaintiff for damages.

84. As a direct and proximate result of the defective and unreasonably dangerous condition of the propane gas in the subject propane tank, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Linde for compensatory damages, plus interest and costs.

**COUNT X – Breach of Warranties vs. Linde Gas & Equipment Inc.**

85. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

86. At all relevant times, Defendant Linde expressly and impliedly warranted to all expected and foreseeable users of the propane gas contained in the subject propane tank, including Plaintiff Michele Crowe, that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable, and ordinary manner.

87. Plaintiff Michele Crowe at all times relied on these aforesaid express and implied warranties.

88. At all relevant times, Plaintiff Michele Crowe was positioned near the subject propane tank and otherwise using it for the purposes for which it was intended and in a foreseeable manner. Nonetheless, the propane gas and subject propane tank were defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

89. As a direct and proximate result of her reliance on the aforesaid warranties and breach thereof by Defendant Linde, Plaintiff Michele Crowe suffered catastrophic personal injuries.

90. As a direct and proximate result of Defendant Linde's breach of warranties as aforesaid, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Linde for compensatory damages, plus interest and costs.

## COUNT XI – Negligence vs. Sherwood Valve LLC

91. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

92. At all relevant times, Defendant Sherwood, by and through its agents, servants, and employees, was engaged in the business of designing, manufacturing, assembling, marketing, distributing, servicing, and/or selling propane valves for propane tanks, including the subject propane tank.

93. Defendant Sherwood owed a duty to purchasers and/or potential users and/or those surrounding the subject propane tank, to exercise reasonable care in designing, manufacturing, assembling, marketing, distributing, servicing, and/or selling the propane valve for the subject propane tank.

94. Defendant Sherwood owed a duty to purchasers and/or potential users and/or those surrounding the subject propane tank, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of the subject propane tank.

95. Defendant Sherwood breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in the designing, manufacturing, assembling, marketing, distributing, servicing and/or selling of the propane valve installed on the subject propane tank and its negligence caused the incident and damages herein alleged.

96. Defendant Sherwood breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in failing to warn her of the risks and dangers that were known, or should reasonably have been known to this defendant, in the use of the subject propane tank.

97. As a direct and proximate result of the negligence of Defendant Sherwood, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Sherwood for compensatory damages, plus interest and costs.

**COUNT XII – Strict Liability vs. Sherwood Valve LLC**

98. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

99. The propane valve installed on the subject propane tank was designed, manufactured, marketed, distributed, and/or sold, and placed into the stream of commerce by Defendant Sherwood in a defective and unreasonably dangerous condition.

100. The propane valve on the subject propane tank was defective and unreasonably dangerous at the time it left the facilities and control of Defendant Sherwood, and its condition remained substantially unchanged up to and including the time of the incident on October 4, 2025.

101. Plaintiff Michele Crowe had no knowledge, or reason to know, of the defective condition of the propane valve on the subject propane tank.

102. As a direct and proximate result of the defective and unreasonably dangerous condition of the propane valve on the subject propane tank, the incident occurred in the manner hereinbefore described.

103. Due to the defective and unreasonably dangerous condition of the propane valve on the subject propane tank and resulting injuries to Plaintiff Michele Crowe, Defendant Sherwood is strictly liable to the Plaintiff for damages.

104. Defendant Sherwood failed to warn purchasers and/or users and/or those surrounding its product, including Plaintiff Michele Crowe, of the unreasonably dangerous and defective condition of the propane valve on the subject propane tank. Due to its failure to warn, Defendant Sherwood is strictly liable to the Plaintiff for damages.

105. As a direct and proximate result of the defective and unreasonably dangerous condition of the propane valve on the subject propane tank, Plaintiff Michele Crowe was severely and

permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Sherwood for compensatory damages, plus interest and costs.

**COUNT XIII – Breach of Warranties vs. Sherwood Valve LLC**

106. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

107. At all relevant times, Defendant Sherwood expressly and impliedly warranted to all expected and foreseeable users of the propane valve installed on the subject propane tank, including Plaintiff Michele Crowe, that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable, and ordinary manner.

108. Plaintiff Michele Crowe at all times relied on these aforesaid express and implied warranties.

109. At all relevant times, Plaintiff Michele Crowe was positioned near the subject propane tank and otherwise using it for the purposes for which it was intended and in a foreseeable manner. Nonetheless, the propane valve and subject propane tank were defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

110. As a direct and proximate result of her reliance on the aforesaid warranties and breach thereof by Defendant Sherwood, Plaintiff Michele Crowe suffered catastrophic personal injuries.

111. As a direct and proximate result of Defendant Sherwood's breach of warranties as aforesaid, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Sherwood for compensatory damages, plus interest and costs.

**COUNT XIV – Negligence vs. Manchester Tank & Equipment Company, Inc.**

112. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

113. At all relevant times, Defendant Manchester, by and through its agents, servants, and employees, was engaged in the business of designing, manufacturing, assembling, marketing, distributing, servicing, and/or selling propane tanks, including the subject propane tank.

114. Defendant Manchester owed a duty to purchasers and/or potential users and/or those surrounding the subject propane tank, to exercise reasonable care in designing, manufacturing, assembling, marketing, distributing, servicing, and/or selling the subject propane tank.

115. Defendant Manchester owed a duty to purchasers and/or potential users and/or those surrounding the subject propane tank, to warn of the risks and dangers that were known or should reasonably be known or are otherwise reasonably foreseeable and inherent in the use of the subject propane tank.

116. Defendant Manchester breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in the designing, manufacturing, assembling, marketing, distributing, servicing and/or selling of the subject propane tank, and its negligence caused the incident and damages herein alleged.

117. Defendant Manchester breached the duty it owed to Plaintiff Michele Crowe and was otherwise negligent in failing to warn her of the risks and dangers that were known, or should reasonably have been known to this defendant, in the use of the subject propane tank.

118. As a direct and proximate result of the negligence of Defendant Manchester, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Manchester for compensatory damages, plus interest and costs.

**COUNT XV – Strict Liability vs. Manchester Tank & Equipment Company, Inc.**

119. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

120. The subject propane tank was designed, manufactured, marketed, distributed, and/or sold, and placed into the stream of commerce by Defendant Manchester in a defective and unreasonably dangerous condition.

121. The subject propane tank was defective and unreasonably dangerous at the time it left the facilities and control of Defendant Manchester, and its condition remained substantially unchanged up to and including the time of the incident on October 4, 2025.

122. Plaintiff Michele Crowe had no knowledge, or reason to know, of the defective condition of the subject propane tank.

123. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject propane tank, the incident occurred in the manner hereinbefore described.

124. Due to the defective and unreasonably dangerous condition of the subject propane tank and resulting injuries to Plaintiff Michele Crowe, Defendant Manchester is strictly liable to the Plaintiff for damages.

125. Defendant Manchester failed to warn purchasers and/or users and/or those surrounding its product, including Plaintiff Michele Crowe, of the unreasonably dangerous and defective condition of the subject propane tank. Due to its failure to warn, Defendant Manchester is strictly liable to the Plaintiff for damages.

126. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject propane tank, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Manchester for compensatory damages, plus interest and costs.

**COUNT XVI – Breach of Warranties vs. Manchester Tank & Equipment Company, Inc.**

127. Plaintiff re-states and incorporates by reference the preceding paragraphs as if set forth fully herein.

128. At all relevant times, Defendant Manchester expressly and impliedly warranted to all expected and foreseeable users of the subject propane tank, including Plaintiff Michele Crowe, that the same was merchantable, fit for the ordinary purposes for which such goods are used, and was, otherwise, safe for use in the expected, foreseeable, and ordinary manner.

129. Plaintiff Michele Crowe at all times relied on these aforesaid express and implied warranties.

130. At all relevant times, Plaintiff Michele Crowe was positioned near the subject propane tank and otherwise using it for the purposes for which it was intended and in a foreseeable manner. Nonetheless, the subject propane tank was defective, unreasonably dangerous, unsafe, not fit for the ordinary purposes for which goods of the kind are used and, otherwise, was not merchantable.

131. As a direct and proximate result of her reliance on the aforesaid warranties and breach thereof by Defendant Manchester, Plaintiff Michele Crowe suffered catastrophic personal injuries.

132. As a direct and proximate result of Defendant Manchester's breach of warranties as aforesaid, Plaintiff Michele Crowe was severely and permanently injured, has suffered and will in the future suffer great physical and emotional pain, has been disfigured, has suffered and will in the future suffer a loss of enjoyment of life, has become and will in the future become liable to pay large sums of money for medical and hospital care and attention, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff demands judgment against Defendant Manchester for compensatory damages, plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised herein.

DATED: October 8, 2026

**MICHELE CROWE**
By her Attorneys,
CAMPBELL CONROY & O'NEIL, PC

*/s/ Jacob J. Lantry*

Jacob J. Lantry (RI Bar #9432)
20 City Square, Suite 300
Boston, MA 02129
P: (617) 241-3086
F: (617) 241-5115
jlantry@campbell-trial-lawyers.com